IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


D. DIEGO ZAMORA, As Personal Representative
of the Estate of Bruce Staeger, CARLA
CAMPBELL-MOFFAT, individually, and
JAMES MOFFAT, individually,

                 Plaintiffs,

vs.                                          Civ. No.  15-118 JCH/SCY

PROGRESSIVE NORTHERN INSURANCE
COMPANY and UNITED FINANCIAL
CASUALTY COMPANY,

                 Defendants.


**MEMORANDUM OPINION AND ORDER OF REMAND**

This case comes before the Court on *Plaintiff's [sic] Motion for Expedited Remand and for Attorney's Fees for Improper Removal* [Doc. 4]. At issue is the timeliness of Defendants' removal of this case to federal district court after Plaintiffs allegedly breached their agreement to dismiss their extra-contractual claims in exchange for Defendants' agreement not to remove the case. After reviewing the motion, response, and reply, as well as the exhibits thereto and the relevant legal precedents, the Court concludes that the motion should be granted and the case remanded to state district court.

**LEGAL STANDARD**

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by Constitution and statute...." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed

upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction. *See* 28 U.S.C. §§ 1331-32. In its Notice of Removal, Progressive asserted that this Court has diversity jurisdiction over the case.

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Progressive, as the party seeking to invoke this Court's jurisdiction, bears the burden to establish that its removal of Plaintiff's case to federal court was proper. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999); *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). The timing of removal is governed by 28 U.S.C. § 1446(b), which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
> (3) If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

Failure to comply with the statutory 30 day period for removal "can fairly be said to render the removal defective and justify a remand." *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir.1999)). The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the [initial] pleading itself" that federal jurisdiction is available. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the death of Bruce Staeger, who according to the Amended Complaint died in September of 2013 while riding in a truck owned by Tierra Blanca Ranch ("the Ranch") and driven by ranch employee Michael Myers, both of whom are New Mexico residents. The Ranch is owned by James Scott Chandler and his wife, Colette Chandler, both of whom are also New Mexico residents. All of the Plaintiffs (Staeger's parents, stepfather, and the personal representative of his estate) are also New Mexico residents. Only Defendants Progressive Northern Insurance Company and United Financial Casualty Company ("Progressive") are not residents of New Mexico and therefore are diverse from Plaintiffs. Plaintiffs allege that the Ranch and Myers were insured under automobile liability policies issued by Progressive.

On February 10, 2014, Plaintiffs filed their original Complaint in the First Judicial District Court, County of Santa Fe, New Mexico. They alleged claims of negligence against the Ranch and Myers (Count I), as well as negligent hiring, training and supervision (Count II), assault and battery (Count III), intentional infliction of emotional distress (Count IV), breach of contract (Count V), and violation of the New Mexico Unfair Practices Act ("NMUPA") (Count VI) against the Ranch. With regard to Progressive, Plaintiff asserted claims for insurance benefits (Count VII), violation of the NMUPA (Count VIII), violation of the New Mexico Insurance Code, Trade Practices and Frauds Act (Count IX), insurance bad faith (Count X), breach of contract (Count XI), and declaratory judgment (Count XII).

At a settlement conference held on May 3, 2014, Plaintiffs and the Ranch Defendants (including the Ranch, both of the Chandlers, and Myers) settled their claims. Doc. 1-2 at 59. At that point, with the Ranch Defendants out of the case, there would be complete diversity of

citizenship between Plaintiffs and Progressive, making the case removable to federal court. In order to prevent removal, Plaintiffs agreed to dismiss their extra-contractual claims against Progressive, and in return Progressive agreed not to remove the case to federal court. Doc. 1 at ¶ 5. While the parties do not dispute the existence of some sort of bargain, neither party has provided the Court with a written agreement memorializing its exact terms, which are now in dispute. According to Plaintiffs, the parties' "agreement unequivocally states that in exchange for the non-diverse Progressive insureds being released from further liability, that Progressive would not remove this case to federal court once those defendants were dismissed." Doc. 4 at 4. In contrast, Progressive asserts that "during the settlement conference, Plaintiffs demanded that Progressive not remove the matter to federal court. Progressive agreed that it would not remove this action to the United States District Court but only if Plaintiffs dismissed their extra-contractual claims against Progressive." Doc. 7 at 2. *See also* Doc. 7 at 8-9. Both sides appear to claim that the other is in violation of the agreement. With no evidence in the record regarding its terms, the Court is in no position to make this determination.

On June 11, 2014, the parties filed a joint motion for partial dismissal. Doc. 1-2 at 25. In that document, they stipulated to dismissal of Plaintiffs' claims against the Ranch Defendants with prejudice and dismissal of Plaintiffs' extra-contractual claims against Progressive (violation of the NMUPA, violation of the TPFA and Insurance Code, insurance bad faith, and breach of contract) <u>without</u> prejudice. Doc. 1-2 at 25-26. On July 24, 2014, the state district court entered an order dismissing Plaintiffs' claims against the Ranch Defendants with prejudice. Doc. 1 at ¶ 6, Doc. 1-2 at 19. In the same order, the Court dismissed Plaintiffs' extra-contractual claims against Progressive <u>without</u> prejudice, leaving only Plaintiffs claims for declaratory judgment and uninsured motorist benefits. Doc. 1 at ¶ 7; Doc. 1-2 at 19. With the entry of this order, the case

became removable based on diversity jurisdiction. However, in accordance with the parties' agreement, Progressive did not remove the case at that time.

On September 30, 2014, Plaintiffs and Progressive attended a mediation but failed to resolve the case. Doc. 4 at 2. Then, on November 17, 2014, Plaintiffs filed a motion to amend their complaint to reassert extra-contractual claims against Progressive, stating that they wished to add "additional legal claims that have arisen since the time of original complaint." Doc. 1-2 at 30; Doc. 4 at 3. These extra-contractual claims appear to be virtually identical to those which had been dismissed in the July 24, 2014 order. *Compare* Doc. 1-1 at 1, et seq. *with* Doc. 1-2 at 32, et seq. On January 13, 2015, Progressive responded to the motion to amend and urged the state court to deny it on the grounds that the proposed extra-contractual claims were premature. Doc. 1-2 at 58, 60. According to Progressive, the most efficient approach would be to first address the coverage issues, turning only to the issues of insurance bad faith if Plaintiffs prevailed on coverage. *Id*. at 61. At no point in its response did Progressive argue that Plaintiffs' request to add extra-contractual claims violated the parties' prior agreement regarding removal. On January 29, 2015, the state district court entered an order granting Plaintiffs' motion to amend. Doc. 1-2 at 17. Twelve days later, on February 10, 2015, Progressive removed the case to this federal district court. Doc. 1.

## DISCUSSION

Plaintiffs argue that this case must be remanded to state court because Progressive failed to remove the case within 30 days of July 24, 2014, the date on which Progressive received notice that there was complete diversity between the parties. Plaintiffs argue that parties cannot stipulate to an extension of removal deadlines, and therefore regardless of any agreement between them, Progressive's removal is untimely.

The 30-day time limit for removal is not jurisdictional, and therefore may be waived or subject to equitable estoppel. *Hamilton v. Hayes Freight Lines*, 102 F. Supp. 594 (E.D. Ky. 1952) (the failure to file a timely petition is not a jurisdictional defect and may be waived, or an objection to that failure precluded by estoppel). It is true that, as a general rule, an agreement to extend the time to remove is unenforceable. *See, e.g., Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Americas*, 397 F. Supp. 2d 698 (W.D.N.C. 2005) (defendant's contention that it relied on an agreement between the parties to delay the taking of any further action in the case could not provide a basis for estopping plaintiff from objecting to untimely removal because it would have been unreasonable per se for defendant to rely where the removal deadline may not be extended by party stipulation); *Nicola Products Corp. v. Showart Kitchens, Inc*., 682 F. Supp. 171 (E.D.N.Y. 1988) (the plaintiff was not estopped to assert the 30-day filing period to defeat removal by virtue of its agreement to hold in abeyance all proceedings and extend the defendants' time to respond to the complaint, because reliance upon such agreements for estoppel purposes was unreasonable).

However, in certain circumstances courts have applied principles of equitable estoppel to enforce other agreements that have impacted parties' ability to remove, particularly where the plaintiff knew that the defendant intended to remove. For example, in *Staples v. Joseph Morton Co., Inc*., 444 F. Supp. 1312 (E.D. N.Y. 1978), the plaintiff agreed to discontinue the lawsuit, knowing that the defendant wished to remove the case. The defendant, relying upon that agreement, did not remove the action to federal court within the 30-day period. The plaintiff reneged on the agreement and failed to dismiss the case; as a result, the defendant removed to federal court. In urging remand, the plaintiff argued that the bargain was unenforceable and the removal untimely. The court disagreed and estopped plaintiff from counting the period of time

between the date of the agreement and the date defendant learned of plaintiff's breach toward the removal period.

Unfortunately for Progressive, this case is distinguishable from *Staples*. First, the exact terms of the alleged agreement in this case are in dispute. On one hand, Progressive argues that it agreed not to remove the case in return for Plaintiffs' stipulated dismissal of the contractual claims. Doc. 7 at 2. On the other hand, Plaintiffs contend that they agreed to the dismissal of the non-diverse defendants in return for Progressive's promise not to remove the case after those defendants were gone. Doc. 4 at 4. Both sides assert that the other is in breach of the agreement. However, in the absence of any evidence of the terms of that agreement—whether in the form of a writing memorializing the contract, or affidavits setting forth a verbal contract—this Court cannot conclude that Plaintiffs are in breach such that they should be estopped by principles of equity.

Second, Progressive stipulated to a dismissal of the extra-contractual claims *without* prejudice. Doc. 1-2 at 19-20. This suggests that Progressive was aware that Plaintiffs had the ability to ask the Court to amend their complaint to reassert the extra-contractual claims. On the evidence currently before it, it is not clear to the Court why Progressive would bargain away its right to remove the case without requiring that the extra-contractual claims be dismissed with prejudice.

As the party removing the case, Progressive bears the burden to show either that the removal is timely or that the facts warrant the equitable estoppel of strict application of the removal deadline. However, Progressive has failed to meet that burden here. Accordingly, the motion to remand will be granted.

Finally, Plaintiffs request an award of attorney's fees spent in preparing their motion to remand. The only basis asserted by Plaintiffs for an award of fees is their bare assertion that the removal was improper. Doc. 4 at 7. The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the basis for Progressive's removal of the case was its belief that Plaintiffs had violated their agreement, thus invalidating Progressive's promise not to remove. In an effort to demonstrate that Progressive's removal was unreasonable, Plaintiffs could have come forward with evidence regarding their agreement with Progressive, but they chose not to do so. While Progressive's position did not prevail, the Court cannot conclude on the record before it that the removal was unreasonable. Accordingly, the Court will not award Plaintiffs their attorney's fees.

**IT IS THEREFORE ORDERED** that *Plaintiff's [sic] Motion for Expedited Remand and for Attorney's Fees for Improper Removal* [Doc. 4] is **GRANTED**, and the case is hereby **REMANDED** to the First Judicial District Court, County of Santa Fe, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**